# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

                                 **ORDER**

Robert Lee Bailey,                      Criminal No. 03-370 ADM/AJB

       Defendant.

_____

Surya Saxena, Esq. and James E. Lackner, Esq., United States Attorney's Office, St. Paul and Minneapolis, MN, on behalf of Plaintiff.

Jordan S. Kushner, Esq., Law Office of Jordan S. Kushner, Minneapolis, MN, on behalf of Defendant.

_____

       This matter came before the undersigned United States District Judge on remand from the U.S. Court of Appeals for the Eight Circuit's decision on January 13, 2011, instructing the Court to conduct an evidentiary hearing regarding several items of Defendant Robert Lee Bailey's ("Bailey") property.

       After several hearings and other related proceedings in this matter, on January 10, 2012, the Court conducted a full evidentiary hearing regarding the possession and disposition of three pieces of Bailey's property seized in connection with his criminal case: (1) $2,036 in United States currency, (2) a blue cell phone, and (3) a wallet.[1] Several hours of testimony were heard from the following witnesses: Assistant United States Attorney Christian Wilton, the prosecuting attorney at Bailey's

---

[1] The Eighth Circuit additionally remanded for evidence regarding a fourth item, a "Promotion Piece" for a musician. The Government offered testimony that the "Promotion Piece," a defense exhibit at trial, was returned to Defense counsel at the conclusion of Bailey's trial. Bailey agreed he was no longer seeking its return. The existence of a gold pendant belonging to Bailey was mentioned as having been recently located, and the Court ordered it returned to him through counsel.

criminal trial; Special Agent David Nygren, one of two case agents assigned to Bailey's case; Kerstin Hammarberg, the supervisor of the Minneapolis Police Department's evidence and property room; Sergeant Darren Blauert, an investigating police officer with the Minneapolis Police Department; and Chief Andrew Schmidt, formerly a Sergeant with the Minneapolis Police Department and the second case agent assigned to Bailey's case. Additionally, five exhibits were received into evidence. At the conclusion of the evidentiary hearing, the Court found that the Government had established that the three items are lost.

Based upon all the files, records, and proceedings herein and for the reasons stated on the record at the conclusion of oral argument, the Court finds and orders as follows:

1. Defendant Bailey's $2,036 in United States currency, blue cell phone, and wallet are not in the possession of the Government of the United States; and

2. Defendant Bailey's $2,036 in United States currency, blue cell phone, and wallet are no longer in the possession of the Government because they have been lost by either the Minneapolis Police Department or the United States Attorney's Office.

3. Defendant Bailey's motion to convert his Rule 41 Motion into a civil Complaint stating 42 U.S.C. § 1983 and *Bivens* claims is denied.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 10, 2012.